OPINION OF THE COURT
Israel Rubin, J.
Pursuant to CPLR article 78, petitioner seeks to annul, as arbitrary and capricious, a determination by respondent finding him liable for treble damages for a rent overcharge (Administrative Code of City of New York § YY51-6.0.5).
*435 The District Rent Administrator’s order No. 21,775 dated September 4, 1986 determined the lawful stabilized rent of apartment 5A at 226 East 75th Street to be $571.08 as of September 1985 and directed petitioner to roll back the rent and refund the overcharges. Petitioner seeks to annul the determination asserting that procedural due process was not afforded and that documentation in petitioner’s possession proves that there was no overcharge.
According to petitioner, Orville Lunking, the complainant before the Division of Housing and Community Renewal (DHCR), occupies the subject premises as the subtenant of one Martha Chen. In his complaint dated November 7, 1983, filed with the Conciliation and Appeals Board (respondent’s predecessor agency), Mr. Lunking states that, since moving into the apartment on or about October 1, 1981, he has never had a lease with either petitioner or Martha Chen and has never met Martha Chen. The complaint further states that Martha Chen is an "illusory occupant” and "my check goes to the landlord directly.” By a notice dated March 21, 1984, petitioner was informed that production of rent records would be required in order to determine the lawful stabilized rent for the apartment. Enclosed with the notice was a copy of the complaint which petitioner does not dispute receiving.
Some two years later, respondent sent petitioner a final notice of pending default dated May 9, 1986 which recites, inter alia, "Treble damages will be imposed on any overcharge occurring after April 1, 1984 for which the owner fails to satisfy the Division that the overcharge was not willful.” It also provides that, in the absence of copies of all leases from the date the base rent was established to present, the lawful rent will be determined in accordance with a procedure, set forth in the notice, for estimating the appropriate stabilized rent. While petitioner’s attorney requested an extension of time to comply with the final notice, it is undisputed that no copies of the leases were ever provided. Therefore, on September 4, 1986, respondent issued its order, establishing the lawful rent and determining an overcharge, including applicable treble damages, in the amount of $23,084.04.
Petitioner contends that respondent’s failure to serve a copy of the complaint upon his attorney and upon the overtenant, Martha Chen, is a denial of due process. Since petitioner does not dispute receiving notice of the proceedings and since there is no requirement that additional service be made upon coun *436 sel (CPLR 2103), petitioner’s argument that he has been denied due process is without merit. As to Martha Chen, while failure to afford her notice of the proceedings might be viewed as a violation of her due process rights, petitioner has no standing to raise this issue. Moreover, the only address for Ms. Chen which may be found in any of the exhibits appended to the pleadings is on a letter to Mr. Lunking dated June 8, 1984. That address is "c/o Lusa Sun, 226 East 75th Street, New York, N.Y. 11021”, the address of the subject building. Finally, in its brief, respondent alleges mailing a copy of the complaint to Ms. Chen. Her affidavit, dated April 3, 1984, was submitted in support of petitioner’s petition for administrative review, submitted to respondent on October 6, 1986 and denied on April 21, 1987. It is clear that Ms. Chen had knowledge of the administrative proceeding virtually from its inception and had the opportunity to intervene to protect whatever substantive right to the leasehold she might have been able to assert.
Petitioner next contends that he possesses "complete rental documentation proving that complainant sub-tenant was not overcharged.” Petitioner’s documentation, however, is not immediately relevant to the instant proceeding. The scope of this court’s review is well defined. "The function of the court upon an application for relief under CPLR article 78 is to determine, upon the proof before the administrative agency, whether the determination had a rational basis or was arbitrary and capricious. Disposition of the proceeding is limited to the facts and record adduced before the agency when the administrative determination was rendered” (Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, 757 [1st Dept 1982], affd 58 NY2d 952 [1983]). As there is no dispute that petitioner failed to furnish the rental history to respondent, it is not properly reviewable at this time.
Petitioner relies on Matter of VR Equities v New York City Conciliation & Appeals Bd. (118 AD2d 459 [1st Dept 1986]) in support of his argument that DHCR should have reviewed rent control records before making its determination. In VR Equities, however, the landlord had an excuse for not providing a complete rental history in that certain leases were still in the possession of the building’s former owner and could not be readily obtained. Petitioner herein has advanced no reasonable excuse for his failure to furnish a rental history to DHCR.
Finally, petitioner contends that the imposition of treble *437 damages was arbitrary and capricious because it was based on an "artificial base rent” and should only be imposed in rent overcharge proceedings brought after the effective date of the treble damages provision (Apr. 1, 1984). Petitioner further contends that a separate hearing is required on the question of willfulness of the overcharge, prior to the imposition of a treble damages penalty.
Petitioner’s arguments are unpersuasive. The pertinent statute (Administrative Code § YY51-6.0.5) provides only that treble damages are not recoverable for overcharges which occur prior to April 1, 1984, but nowhere does the statute preclude treble damages where the complaint was filed prior to April 1, 1984. And while DHCR estimated the lawful rent (based on procedures employed where a rent history is unavailable), it cannot be said that the method employed is unreasonable or that the computation and assessment of treble damages thereon is so disproportionate to the offense as to shock the court’s sense of fairness (Matter of Alfieri v Murphy, 38 NY2d 976 [1976]; Matter of Pell v Board of Educ., 34 NY2d 222 [1974]). Finally, it does not violate due process rights for the administrative agency to determine that the overcharge was willful without granting a separate hearing on this issue. The statute clearly presumes that an overcharge is willful and places the burden of establishing that it is not willful squarely upon the landlord. Petitioner was afforded an opportunity to submit documentation bearing on the question of willfulness but inexplicably neglected to do so. All that due process requires is that reasonable notice be afforded to the parties to a proceeding and that they have "an opportunity to present their objections” (Mullane v Central Hanover Trust Co., 339 US 306, 314 [1950]). Having received notice of the proceeding (and its possible consequences) and having failed to justify the rent charged, petitioner cannot complain that an adverse ruling was made upon his default (Silverstein v Min
Petitioner’s other contentions have been examined and found to be without merit. Accordingly, the application is denied and the petition dismissed.